

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

April 26, 1990

Mr. Larry E. Kosta
Acting Executive Director
Texas Department of
   Licensing and Regulation
P. O. Box 12157
Austin, Texas   78711

Opinion No. JM-1168

Re: Extent of coverage of article 6687-9b, V.T.C.S., which regulates the operation of tow trucks (RQ-1883)

Dear Mr. Kosta:

You ask about the scope of a statute that requires tow trucks to be registered. V.T.C.S. art. 6687-9b. Specifically, you ask whether certain types of vehicles are exempt from the registration requirement.

Article 6687-9b defines "tow truck" as "a motor vehicle or mechanical device adapted or used to tow, winch, or otherwise move disabled motor vehicles." Id. § 1(4). As amended by the 71st Legislature, section 2(a) contains a broad prohibition on the operation of unregistered tow trucks:

> Except as provided by Section 5[1] of this Act, a person may not operate a tow truck in this state unless the tow truck is registered with the [Department of Licensing and Regulation] as provided by this Act. (Footnote added.)

Acts 1989, 71st Leg., ch. 1039, § 2.52, at 4206. Before the 1989 amendment, section 2(a) provided that a person could not operate a tow truck in Texas "for compensation" unless the truck was registered as provided by article 6687-9b. The 1989 amendment deleted the words "for compensation" from

---

    1. Section 5 of the act actually sets out no exemptions from registration. Rather, it provides that any municipal registration shall be in addition to registration under article 6687-9b.

section 2(a). Consequently, you ask whether registration is now required for all tow trucks operated in Texas, without exception, or whether certain categories of tow trucks may be exempted by rule from the registration requirement.

The legislative history of the 1989 amendment shows that the legislature did intend to broaden significantly the scope of the registration requirement. An analysis in the bill file states that the amendment "brings all tow trucks under the law by removing the phrase 'for compensation' as the criteria for a tow truck to be registered with the department." Bill Analysis, C.S.H.B. 863, 71st Leg. (1989). We conclude, however, that deleting the words "for compensation" from section 2(a) of article 6687-9b was by itself insufficient to make "all tow trucks" subject to a registration requirement.

Section 2(a) does not itself impose a registration requirement. Rather, it states that a person may not operate a tow truck in Texas unless the tow truck is registered "as provided by this Act." The only part of the act that may be read to provide for registration is section 2(b), which states:

> The commissioner shall issue a certificate of registration to a tow truck owner whose vehicle meets the registration requirements prescribed by rule of the commissioner and who pays the registration fee. (Emphasis added.)

A "tow truck owner" is "a person engaged in the business of using a tow truck to tow, winch, or otherwise move a motor vehicle." V.T.C.S. art. 6687-9b, § 1(5) (emphasis added). In other words, the authority of the commission to issue registration certificates extends only to persons engaged in the business of using a tow truck. It may not be clear in every case whether a particular person is engaged in the business of using tow trucks for the purposes set out in the act, but undoubtedly the class of tow trucks owned by persons engaged in the business of using tow trucks for those purposes is smaller than the class of all tow trucks.

Perhaps more significant in determining the scope of the registration requirement for tow trucks is section 8 of article 6687-9b, which sets out the penalty for failure to register a tow truck in accordance with article 6687-9b. The 1989 bill that deleted the words "for compensation" from

section 2(a) did not delete those words from section 8, which provides:

> (a) A person commits an offense if the person operates for compensation a tow truck that does not have a valid certificate of registration issued under this Act.
>
> (b) An offense under this section is a Class C misdemeanor. (Emphasis added.)

In other words, the act does not make it an offense to operate an unregistered tow truck. It makes it an offense to operate an unregistered tow truck for compensation.

In light of the language in section 2(b) and section 8 of article 6687-9b, we conclude that the 1989 amendment did not broaden the scope of the registration requirement for tow trucks under article 6687-9b.

### S U M M A R Y

A 1989 amendment to article 6687-9b, which deals with registration of tow trucks, did not broaden the scope of the registration requirement under that article.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General